FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 14 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

NOT FOR PUBLICATION

THOMAS CHAPMAN,

       Plaintiff,

  -against-

STATE OF NEW YORK (NYS DIVISION OF
PAROLE); M. RAYNOR, BROOKLYN #4 PAROLE
OFFICER,

       Defendants.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**
11-CV-1814 (ENV) (LB)

**VITALIANO, D.J.**

 Plaintiff, currently incarcerated at Rikers Island Correctional Facility, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging a violation of his rights in regard to his parole revocation hearing. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons below, plaintiff's claims against the State of New York and the New York State Division of Parole are dismissed, and plaintiff's claim against Parole Officer M. Raynor will be dismissed without prejudice and with leave to renew within 30 days.

## BACKGROUND

 Chapman has entered a form complaint with a statement of claim, as follows:

> Plaintiff entered into a parole agreement with the defendant the terms of which are entitled 'Conditions of Parole' and intrinsic to the existence of the contract the 'Notice of Violation' according to Morrissey-v-Brewer_ U.S._ set out the procedure any contract violation must be proceeded. The defendant withheld from plaintiff his rights to have witnesses and to notify the parole staff of same at the facility he was detained of his desire. There is no parole staff to advise of plaintiff's need to have witnesses in the violation hearing. Parole violation notice effected on 1/19/11. [sic]

(Compl., Statement of Claim at D.)

1

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding pro se, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory).

## DISCUSSION

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

Here, it is unclear if Chapman intends to name the State of New York and the New York State Division of Parole as two separate defendants. However, in any event, the Eleventh

Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State School & Hospital, 465 U.S. 89, 98-100 (1984). Moreover, as an agency or arm of the State of New York, the New York State Division of Parole is also immune from suit under the Eleventh Amendment. See, e.g., McCloud v. Jackson, 4 Fed. Appx. 7, 10 (2d Cir. 2001) (dismissing plaintiff's claims against the New York State Division of Parole because the Eleventh Amendment bars suits against states or state agencies); Benjamin v. Lemons, No. 10 CV 4067, 2010 WL 3746726, at *3 (E.D.N.Y. Sept. 17, 2010) (noting that the claim against the Board of Parole is barred by the Eleventh Amendment); Coleman v. City of New York, No. 03 Civ. 4921, 2009 WL 705539, at *4 (E.D.N.Y. Mar. 16, 2009) ("The Eleventh Amendment bars plaintiff's § 1983 suit against the New York State Division of Parole as it is a state agency."). Thus, the complaint is dismissed as to the State of New York and the New York State Division of Parole pursuant to 28 U.S.C. § 1915A(b).

As to defendant Raynor, even if it is assumed that the "defendant" named in Chapman's statement of claim is meant to refer to Raynor, the complaint as it currently stands does not state a viable claim against Raynor. Chapman has named Raynor as a defendant in his official capacity as "M. Raynor, Brooklyn #4 Parole Officer." The complaint does not state what role Raynor played in the parole violation proceeding, but to the extent that Raynor initiated or presented the case for revocation, Raynor was acting in a prosecutorial capacity and thus has absolute immunity. See, e.g., Scotto v. Almenas, 143 F.3d 105, 112 (2d Cir. 1998). Immunity is also absolute if Raynor was one of the parole officers who decided to revoke Chapman's parole. See, e.g., King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Absent any indication as to Raynor's function in

3

Chapman's parole violation proceeding, it is unclear whether any valid claim for damages against Raynor exists. As for equitable relief, the complaint is silent. Of course, to the extent that Chapman's desired equitable relief would result in his release from or reduction of his current term of incarceration, § 1983 is inapplicable, as a petition for a writ of habeas corpus is the exclusive federal remedy for any challenge to the fact or duration of confinement. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827 (1973); Jenkins v. Haubert, 179 F.3d 19 (2d Cir. 1999). Moreover, if Chapman intends to assert a federal habeas challenge, he must first exhaust all of his state remedies, and from the face of the complaint currently before the Court, it does not appear that he has done so. Finally, it would also appear that, even if Chapman's claim is only for damages and not for his release from confinement, his claim would necessarily implicate the invalidity of his parole revocation and subsequent incarceration, and thus his damages claim under § 1983 may be invalid as well, with a habeas petition constituting his sole avenue of federal relief. See, e.g., Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).

Given the lack of clarity in the current complaint and Chapman's pro se status, the proper course of action is to dismiss without prejudice and to provide Chapman an opportunity to replead. In any amended complaint, Chapman is directed to include whether Raynor is being sued in his official or individual capacity, the exact role Raynor played in Chapman's parole violation proceeding, and the exact relief he seeks from this Court.

## CONCLUSION

For all the foregoing reasons, plaintiff's claims against the State of New York and the New York State Division of Parole are dismissed with prejudice. See 28 U.S.C. § 1915A(b).

Plaintiff's claim against defendant Raynor is dismissed without prejudice, and plaintiff shall have 30 days from the entry of this order to file an amended complaint.

SO ORDERED.

/S/
_____
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
       September 7, 2011

5